# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CASTILLO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN STATE PRISON OFFICIALS,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO.   1:11-cv-175-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>PLAINTIFF MUST FILE COMPLAINT AS WELL AS MOTION TO PROCEED IN FORMA PAUPERIS OR PAY $350.00 FILING FEE BY MAY 18, 2011 |

Plaintiff Christopher Castillo ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 18, 2011, the Court ordered Plaintiff to complete a Complaint form and to submit an application to proceed in forma pauperis or pay the $350.00 filing fee by April 15, 2011. (ECF No. 10.) To date, Plaintiff has failed to respond to the Court's Order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61

1  (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
2  complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
3  failure to prosecute and failure to comply with local rules).
4        The Court cannot allow this case to languish on its docket without an operative
5  complaint.  Additionally, a civil action may not proceed absent the submission of either the
6  filing fee or the grant of in forma pauperis status.  28 U.S.C. §§ 1914, 1915.  Because
7  Plaintiff has not filed a motion to proceed in forma pauperis and has not paid the filing fee,
8  the Court could dismiss this action.  In re Phenylpropanolamine (PPA) Products Liability
9  Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 11-110.
10       However, the Court will afford Plaintiff **one** additional opportunity to comply with its
11 prior order.  By **May 18, 2011**, Plaintiff must submit: (1) a complaint; and (2) either an
12 application to proceed in forma pauperis or the full $350.00 filing fee.  Plaintiff is on notice
13 that failure to comply with this order and meet the Court's deadline will result in dismissal
14 of this action.
15       Accordingly, the Court hereby ORDERS the following:
16 1.    The Clerk's office shall send Plaintiff a blank 1983 complaint form and a
17       blank in forma pauperis form;
18 2.    Plaintiff is to complete the enclosed forms and/or pay the $350.00 filing fee
19       by **May 18, 2011**;
20 3.    Failure to comply with this order will result in dismissal of this action.
21
22 IT IS SO ORDERED.
23 Dated:   April 26, 2011            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE