1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8             EASTERN DISTRICT OF CALIFORNIA
9
10   CHRISTOPHER CASTILLO              CASE NO.    1:11-cv-0175-MJS (PC)
11                                     FINDINGS AND RECOMMENDATION
                Plaintiff,            FOR DISMISSAL OF PLAINTIFF'S
12                                     COMPLAINT FOR FAILURE TO
        v.                             COMPLY WITH A COURT ORDER
13
     NORTH KERN STATE PRISON           (ECF No. 11)
14   OFFICIALS,
15
                Defendant.
16
                                    /
17
         Plaintiff Christopher Castillo ("Plaintiff"), is a state prisoner proceeding pro se in this
18
     civil rights action pursuant to 42 U.S.C. § 1983.  He has not consented to Magistrate
19
     Judge jurisdiction.  The case has not yet been assigned to a District Judge.
20
         Plaintiff has yet to file a complaint in this matter.  On April 27, 2011, the Court
21
     issued an Order to Show Cause Why the Case Should Not be Dismissed for Failure to
22
     Comply with a Court Order, and ordered Plaintiff to file a complaint and application to
23
     proceed in forma pauperis or pay the $350.00 filing fee by May 18, 2011.  (Order, ECF
24
     No. 11.)  The May 18, 2011 deadline has passed and Plaintiff has not complied with or
25
     otherwise responded to the Court's Order.  Plaintiff has not filed a complaint, nor has he
26
     paid the $350.00 filing fee in full or filed an application to proceed in forma pauperis.
27
         Local Rule 110 provides that "failure of counsel or of a party to comply with these
28

1   Rules or with any order of the Court may be grounds for imposition by the Court of any

2   and all sanctions . . . within the inherent power of the Court."  District courts have the

3   inherent power to control their dockets and "in the exercise of that power, they may

4   impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.

5   Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

6   prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

7   or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

8   Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

9   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

10  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

11  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

12  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

13  (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

14  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

15  rules).

16      In determining whether to dismiss an action for lack of prosecution, failure to obey

17  a Court order, or failure to comply with local rules, the Court must consider several factors:

18  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

19  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

20  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

21  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;

22  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

23      In the instant case, the Court finds that the public's interest in expeditiously

24  resolving this litigation and the Court's interest in managing the docket weigh in favor of

25  dismissal.  The third factor, risk of prejudice to the Defendant, also weighs in favor of

26  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

27  in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

28  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

1  outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's

2  warning to a party that his failure to obey the court's order will result in dismissal satisfies

3  the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;

4  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly

5  stated: "Failure to comply with this order will result in dismissal of this action." (Order, ECF

6  No. 11.)  Thus, Plaintiff had adequate warning that dismissal would result from his

7  noncompliance with the Court's Order.

8           **Accordingly,**

9      1.    **IT IS ORDERED** that the Clerk's Office of this Court assign this matter to a

10           District Judge at this time; and

11     3.    **IT IS RECOMMENDED** that in the event that Plaintiff does not file a

12           complaint and application to proceed in forma pauperis or pay the $350.00

13           filing fee within **thirty (30) days** of entry of this Order, this matter be

14           **DISMISSED by the District Judge**.

15     Once this case has been assigned to a District Judge, these Findings and

16  Recommendations will be submitted to the assigned District Judge pursuant to the

17  provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these

18  findings and recommendations, any party may file written objections with the Court and

19  serve a copy on all parties.  Such a document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall

21  be served and filed within ten days after service of the objections.  The parties are advised

22  that failure to file objections within the specified time may waive the right to appeal the

23  District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

24

25  IT IS SO ORDERED.

26  Dated:  __July 26, 2011__                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE
27

28